**In the United States District Court,**
**Northern District of Ohio,**
**Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:16-CR-0005-04 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Rigoberto Luna Luna, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 114). In this Motion, Defendant requests that I appoint an attorney. (*Id.* at pgID 685). In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office for review. See, N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, counsel have the right to file a supplemental motion in support of a pro se defendant's request or, as in this case, to file a notice of intent not to supplement. *Id.* ¶V. The Federal Public Defender filed its Notice of No Intent to Supplement Defendant's Motion. (Doc. 118). The Government has filed its Response in Opposition to Defendant's Motion. (Doc. 119).

Amendment 821 of the Sentencing Guidelines authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one of the status points would result in a lower category. See, Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e).

"[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is

1

applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range. . . ." U.S.S.G. § 1B1.10, App. Note 1(A).

In this case, the Defendant's Offense Level was calculated to be 29 by the U.S. Pretrial Services & Probation Officer. (Doc. 85, pgID 465). The Defendant's Criminal History Score was zero, resulting in a Criminal History Category of I. (*Id.*). His resulting Guideline Range was 87-108 months. (*Id.* at 200).

Amendment 821 added a two-offense level reduction for defendants with no criminal history points, provided they meet other criteria concerning the offense. U.S.S.G.§ 4A1.1(c). In this case, as the Government notes, Defendant is eligible for a two-point reduction, which lowers his offense level to 27, dropping his Guideline Range from 87-108 months to 70-87 months. However, the mandatory minimum for Count I (Drug Conspiracy) is 120 months, which is the sentence Defendant received.

Because the Defendant is not eligible for resentencing when applying Amendment 821, I deny Defendant's Motion.

It is, accordingly, hereby

ORDERED THAT:

1. The Defendant's Motion to Reduce Sentence (Doc. 114) be, and the same hereby, is denied; and

2. I conclude that an appeal from this Order would have no merit; thus, payment of the requisite filing fee is required before the Defendant can maintain an appeal.

So ordered.

/s/ James G. Carr
Sr.. U.S. District Judge